**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GENE ALLEN, | ) |
| Petitioner, | ) 3:03-cv-00465-LRH-RAM |
| vs. | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
| Respondents. | ) |

On October 1, 2003, this habeas action was dismissed and judgment was entered. (Docket #6). The judgment was based on petitioner's notices of voluntary dismissal. (Docket #3, #4, #7).

Over six years after judgment was entered, petitioner has filed four motions to vacate judgment in this action. (Docket #10, #11, #12, and #13). The Court construes petitioner's motions as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." A motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). Federal courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent

1 manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington
2 Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

First, petitioner's motions are untimely and may be denied on this ground alone. Second, petitioner's motions are meritless. This Court properly entered judgment dismissing this action on October 1, 2003, pursuant to petitioner's notice of voluntary dismissal. (Docket #6). In his motions to vacate judgment, petitioner has not identified any intervening change in controlling law, and has not shown that manifest injustice resulted from dismissal of the action. Petitioner also has not presented newly discovered or previously unavailable evidence. Petitioner has failed to make an adequate showing under Rule 59(e) to justify granting his motions to vacate judgment.

**IT IS THEREFORE ORDERED** that petitioner's motions to vacate judgment (Docket #10, #11, #12, and #13) are **DENIED.**

Dated this 30th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE